UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6
O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-8262-CAS (JCGx) | Date | October 18, 2011 |
|---|---|---|---|
| Title | CONCEPT CHASER CO., INC. V. PENTEL OF AMERICA, LTD; ET AL | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| RITA SANCHEZ | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:** (In Chambers:) PLAINTIFF'S EX PARTE APPLICATION FOR IMMEDIATE REMAND AND FEES UNDER 28 U.S.C. § 1447(c). (Filed October 11, 2011)

## I.     INTRODUCTION AND BACKGROUND

On December 31, 2009, plaintiff Concept Chaser Co., Inc ("CCCI") filed the instant action against defendants Pentel of America and Pentel, Ltd (collectively "Pentel") in the Los Angeles Superior Court. The case was assigned to the Hon. Mark. J. Mooney. The essence of plaintiff's claim is that Pentel hired CCCI to create an advertising campaign for a new pen. Third Amended Complaint ("TAC") ¶ 11. Plaintiff alleges that under the contract, CCCI was to retain ownership of all ideas created for Pentel, unless there was a second agreement in which CCCI licensed or sold the ideas. TAC ¶¶ 12–15. According to CCCI, Pentel breached the contract, and had another firm execute CCCI's idea. TAC ¶¶ 24–29.

Pentel demurred to the original complaint and to CCCI's first-amended complaint. Pentel's principal argument was that CCCI's claims were preempted by the California Uniform Trade Secret Act. CCCI withdrew its trade-secret claim in its second-amended complaint. Pentel responded with a demurrer filed on February 7, 2011. Declaration of Jeffrey Ehrlich, Exh. 1. In that demurrer, Pentel argued that the second-amended complaint contained only "scant" changes from the original complaint, and was "*virtually* the same complaint *with each and every one of the same causes of action*, with little, if any, amendments thereto." Id. at 17–18 (emphasis in original). Moreover, the demurrer contained an extended argument that all of CCCI's claims were preempted by the Copyright Act, and urged the court to dismiss the action on that basis. Id. at 26–27.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-8262-CAS (JCGx) | Date | October 18, 2011 |
|---|---|---|---|
| Title | CONCEPT CHASER CO., INC. V. PENTEL OF AMERICA, LTD; ET AL | | |

Judge Mooney dismissed some claims as preempted, but overruled the demurrer as to CCCI's claims for breach of contract and fraud, among others. Ehrlich decl., ¶ 7. On December 31, 2009, CCCI filed a third-amended complaint. Pentel demurred unsuccessfully and was ordered to answer. Id. ¶ 8. On May 27, 2011, Pentel filed its answer to the third-amended complaint and asserted copyright preemption as an affirmative defense. Ehrlich Decl., Exh. 2, 38. On June 15, 2011, Pentel filed an unsuccessful motion for summary judgment in which one of its principal arguments was that CCCI's claims were preempted by the Copyright Act. Ehrlich Decl., Exh. 3. On or about August 30, 2011, Pentel filed sixteen motions in limine, including one which sought to exclude all evidence preempted by the Copyright Act. Ehrlich Decl., Exh. 4. On October 3, 2011, Judge Mooney denied most of Pentel's motions in limine including that which sought to exclude evidence preempted by the Copyright Act noting that "we sort of looked at this in the past . . . [b]ut I still think that we're not really dealing with copyright but for the services in conveying the idea." Ehrlich Decl., Exh. 7, 101–102. Judge Mooney advised the parties that the court hoped to start trial that week. Ehrlich decl., ¶ 13. On October 4, 2011, the court advised the parties that trial would commence the next morning. Id. On the morning of October 5, 2011, Pentel's counsel filed a motion to disqualify Judge Mooney for cause, claiming that Judge Mooney was biased against Pentel's counsel and in favor of CCCI's counsel. Declaration of Michael Adler, ¶ 3. Shortly thereafter, Pentel's counsel filed notice of removal on the basis of copyright preemption. Id. ¶ 4. At approximately, 11:00 a.m., Judge Mooney took the bench and said that before the case had been removed, he had struck the motion to disqualify. Id. ¶ 5.

On October 11, 2011, CCCI filed the instant ex parte application for immediate remand and for fees under 28 U.S.C § 1447(c). On October 13, 2011, Pentel filed an opposition. After carefully considering the parties' arguments, the Court finds and concludes as follows.

**II.    LEGAL STANDARD**

A motion for remand is the proper procedure for challenging removal. Remand may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure. See 28 U.S.C. § 1447(c). The Court strictly construes the removal statutes against removal jurisdiction, and jurisdiction must be rejected if there is any doubt as to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-8262-CAS (JCGx) | Date | October 18, 2011 |
|---|---|---|---|
| Title | CONCEPT CHASER CO., INC. V. PENTEL OF AMERICA, LTD; ET AL | | |

the right of removal. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. See Prize Frize, Inc. v. Matrix, Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). The defendant also has the burden of showing that it has complied with the procedural requirements for removal. Judge William W. Schwarzer, et al., California Practice Guide: Federal Civil Procedure Before Trial § 2:2225 (The Rutter Group 2011).

The time requirements for filing a petition for removal are set forth in 28 U.S.C. § 1446(b). Cantrell v. Great Republic Ins. Co., 873 F.2d 1249, 1254 (9th Cir. 1989). The statute provides two thirty-day windows during which a case may be removed. The first is within the first thirty days after the defendant receives the initial pleading if that pleading discloses a basis for removal. If that pleading does not disclose a basis for removal, then the defendant may remove during the second window, which is the first thirty days after the defendant receives a paper "from which it may first be ascertained that the case is one which is or has become removable." Harris v. Bankers Lif and Cas. Co., 425 F.3d 689, 692 (9th Cir. 2005).

Furthermore, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. 1447(c). A district court may only award payment of fees and costs under section 1447(c) where the removing party lacked an objectively reasonable basis for seeking removal. Martin v. Franklin Capital Corp., 546 U.S. 132, 134 (2005).

**III.   DISCUSSION**

CCCI's principal argument in favor of remand is that Pentel failed to remove the action within 30 days of the date that the basis for removal was first ascertainable. Specifically, CCCI contends that Pentel had actually ascertained its copyright preemption defense no later than February 7, 2011, when Pentel argued at length in its demurrer to CCCI's second-amended complaint that CCCI's claims were preempted.[1] Mot. at 8–9.

---

[1] CCCI also contends that removal was improper because its claims are not preempted by the Copyright Act as they are premised on Pentel's broken promise to pay for the ideas CCCI developed for Pentel. Mot. at 8, n. 2. CCCI argues that this type of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-8262-CAS (JCGx) | Date | October 18, 2011 |
|---|---|---|---|
| Title | CONCEPT CHASER CO., INC. V. PENTEL OF AMERICA, LTD; ET AL | | |

Moreover, CCCI notes that Pentel again pleaded copyright preemption as an affirmative defense to the third-amended complaint on May 27, 2011. Id. CCCI argues that because Pentel had no legitimate legal basis to remove the case on the eve of trial, it is "evident that the maneuver's real purpose was to effect a do-it-yourself trial continuance." Id. at 2.

Pentel responds that as an initial matter, ex parte applications pose a threat to the adversary system, and that CCCI has failed to offer "any cognizable reason" to dispense with the general rule requiring a noticed motion, resulting in "extreme unfairness" to defendants. Opp'n at 2. Pentel next argues that it timely removed within thirty days of the date removal became ascertainable. Specifically, Pentel contends that its removal is proper because it is predicated on papers and orders that were given on September 12, 2011, and October 3, 2011, after the court had "contrarily ruled" in May, 2011 that "'artwork' must be stricken from the pleading in view of the federal Copyright Act, and Plaintiff repeatedly represented . . . that it would *not* seek compensation for matters that would be subject to copyright preemption." Id. at 8.

As an initial matter, the Court finds that an ex parte application by CCCI was reasonable here in light of the threat that Pentel's removal could substantially delay trial in the Superior Court. As to the merits of CCCI's application, the Court concludes Pentel improperly removed more than thirty days after grounds for removal became ascertainable such that remand is appropriate. Pentel's argument that its copyright-preemption defense was not ascertainable until the Superior Court denied its motion in limine is unavailing. As the transcript of the argument reveals, the denial of the motion broke no new ground in the case, and was simply a reflection of the court's prior rulings finding that CCCI's claims were not preempted. See Rafiqzada v. U.S. Bank Nat. Ass'n, 2002 WL 31430319 (N.D. Cal. October 29, 2002) (rejecting the argument that a court's

---

claim was recognized in Desny v. Wilder, 46 P. 2d 257 (Cal. 1956), and that the Ninth Circuit has recently confirmed that "Desny claims" are not preempted by the Copyright Act. Id. (citing Montz v. Pilgrim Films & Television, Inc., 649 F.3d 975 (9th Cir. 2011) (en banc)). However, because the Court finds that Pentel's removal was defective due to Pentel's removal more than 30 days after grounds became ascertainable, the Court declines to address this argument.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-8262-CAS (JCGx) | Date | October 18, 2011 |
|---|---|---|---|
| Title | CONCEPT CHASER CO., INC. V. PENTEL OF AMERICA, LTD; ET AL | | |

last ruling on an issue that had already been addressed somehow creates the right to remove).

The Court also finds that CCCI is entitled to recover its costs in bringing this application because it was objectively unreasonable for Pentel to remove the case on the morning of trial based on a defense it had actively asserted for the preceding eight months.  See Peabody v. Maud Van Cortland Hill Schrol Trust, 892 F.2d 772, 777 (9th Cir. 1989) (holding that a removal made for the transparent purpose of delaying an impending trial "demonstrates a flagrant misuse of the judicial process").

## IV.    CONCLUSION

In accordance with the foregoing, the Court hereby GRANTS CCCI's ex parte application for immediate remand to the Los Angeles Superior Court and for fees in the amount of $7,425 pursuant to 28 U.S.C. § 1447(c).

IT IS SO ORDERED.

|  |  | 00 | : | 00 |
|---|---|---|---|---|
|  | Initials of Preparer | RS |  |  |